UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHAEL A. KOWALCZUK

        Plaintiff,                  Case No.: 2:19-cv-1230

vs.

SERGEANT ERIC GIESE, and
VILLAGE OF MOUNT PLEASANT

        Defendants.

---

## AMENDED COMPLAINT

**NOW COMES** the above-named plaintiff, Michael A. Kowalczuk, by his attorneys, Martin Law Office, S.C., and as and for his amended claims for relief against the above-named defendants, alleges and shows to the Court as follows:

### Nature of the Case

1.    This is a civil action, pursuant to 42 U.S.C. § 1983, for redress of the deprivation, under color of law, of Michael A. Kowalczuk's rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.

### Jurisdiction and Venue

2.    This court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3).

3.    Venue in the Eastern District of Wisconsin is proper under 28 U.S.C. 1391(b).

## Introduction

4. This amended complaint is intended to relate back to the date of the original complaint under Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure.[1]

5. This amended complaint is not intended to imply the invalidity of any conviction, judgment, or sentence imposed against the plaintiff.

6. The allegations in this amended complaint are intended to conform to and incorporate, by reference, squad camera video footage, taken September 3, 2013, which depicts the factual basis of the plaintiff's claims, as alleged herein.

## Parties

7. That the plaintiff, Michael A. Kowalczuk, is an adult citizen and resident of the State of Wisconsin, residing at 5826 Sunset Blvd., Mount Pleasant, Wisconsin 53406.

8. That the defendant, Village of Mount Pleasant, is a municipality duly incorporated, organized, and existing under the laws of the State of Wisconsin; that the Mount Pleasant Police Department is an agency of the Village of Mount Pleasant.

9. That the defendant, Eric J. Giese, is an adult resident of the State of Wisconsin; that, at all times material hereto, Eric J. Giese was employed by the defendant, Village of Mount Pleasant, as a police officer with the Mount Pleasant Police Department; that, at all times material hereto, Eric J. Giese was acting within the scope of his employment and authority as a Village of Mount Pleasant police officer; that the plaintiff sues Eric J. Giese in his individual and official capacities.

---

[1] This amended complaint is filed in response to the defendants' Motion to Dismiss, pursuant to 12(b)(6), which was filed on September 18, 2019. (Dkt. 5, Def. Mot. to Dismiss, [of Record]). Pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, a party "may amend its pleading once, as a matter of course" within 21 days after service of a motion under Rule 12(b).

2

## General Allegations

10. That, at all times material hereto, the defendant Eric J. Giese acted under color of state law.

11. That on September 3, 2013, at approximately 12:30 am, Michael A. Kowalczuk ("Kowalczuk") was operating his motor vehicle in the Village of Mount Pleasant; that Kowalczuk was driving to the home that he shared with his parents.

12. That, upon information and belief, at approximately 12:30 am, the defendant, Eric J. Giese ("Giese") was operating a marked Village of Mount Pleasant squad car; that Giese observed Kowalczuk's vehicle turn onto 16th street, in the Village of Mount Pleasant, Wisconsin; that Giese elected to follow Kowalczuk eastbound on 16th street.

13. That, at its intersection with South Emmersen Road, the speed limit for eastbound traffic on South 16th Street reduces from thirty-five miles per hour to twenty-five miles per hour; that, upon information and belief, the defendant, Giese, followed Kowalczuk eastbound on South 16th Street.

14. That Giese activated his squad lights after Kowalczuk passed South Emmerson Road.

15. That, upon viewing Giese's squad lights, Kowalczuk drove his vehicle to his parents' house at 5826 Sunset Boulevard, Mount Pleasant.

16. That Kowalczuk parked his vehicle in front of his parents' home and slowly opened the driver's side door.

17. That, after stopping his squad car, Giese exited with his firearm aimed at Kowalczuk; that Giese yelled the following instruction to Kowalczuk: "Stop! Get out of the car! Stay in the car, right now!"

18. That Giese's instructions were contradictory; that Kowalczuk immediately stopped all movement when he heard Giese yell "Stop!"

19. That Giese approached Kowalczuk with his firearm aimed at Kowalczuk.

20. That Giese yelled at Kowalczuk: "Show me your hands!"; that Kowalczuk put both of his hands up and in view of Giese.

21. That within approximately one second of instructing Kowalczuk to show his hands, Giese instructed Kowalczuk: "Stop the car!"; that Kowalczuk's vehicle was already stopped.

22. That within approximately one second of instructing Kowalczuk to stop the car, Giese instructed Kowalczuk: "Get out of the car!"; that, simultaneously, Giese grabbed Kowalczuk by Kowalczuk's left arm and used physical force to remove Kowalczuk from the vehicle.

23. That as Giese was removing Kowalczuk from the vehicle, Giese yelled at Kowalczuk: "Get out of the car! Get on the ground"

24. That Kowalczuk was resistive and asked Giese: "What did I do, man?"

25. That in response to Kowalczuk's question, Giese yelled: "Get on the ground!"; that, simultaneously, Giese pulled Kowalczuk's arm and used physical force to push Kowalczuk to the pavement; that the force exerted Giese combined with Giese's control of Kowalczuk's left arm caused Kowalczuk to turn and fall onto his backside.

26. That once Kowalczuk was on the ground, Giese continued to maintain physical control of Kowalczuk by gripping Kowalczuk's left arm; Giese again yelled at Kowalczuk: "Get on the fucking ground!"; that, at the same time, Giese placed his other hand behind Kowalczuk's

4

head and pushed Kowalczuk onto his right side; that Giese then placed his weight on top of Kowalczuk.

27. That, as Giese was on top of Kowalczuk, Kowalczuk pleaded: "Let go, man."

28. That Giese yelled at Kowalczuk "Put your hands behind your back! Do it now! Put your hands behind your back and get on your stomach! Get on your stomach! put your hands behind your back! Do it now!"

29. That Giese allowed Kowalczuk to position himself on his stomach with his hands behind his back; that Giese yelled: "Put your hands behind your back, or you're going to get tased! (*sic*)"

30. That Kowalczuk put his hands behind his back, at which point Giese secured Kowalczuk's hands in handcuffs.

31. That Kowalczuk's mother and father, Nancy Kowalczuk and Jeff Kowalczuk, were inside of their home and observed Giese use force on Kowalczuk; that Nancy and Jeff Kowalczuk exited their home; that Giese put his hand over his firearm and threatened Nancy and Jeff Kowalczuk: "Stay back! Stay back."

32. That Kowalczuk was extremely frightened by Giese; that Kowalczuk remained handcuffed at all times; that Kowalczuk yelled: "Mom!"

33. That, contradictory to Giese's instructions, Kowalczuk attempted to reposition himself on the ground to be able to see his mother; that Giese again grabbed Kowalczuk; that Jeff Kowalczuk yelled to Giese: "Hey, hey, hey!"; that Giese yelled at Jeff Kowalczuk to "Stay back!"; that Nancy and Jeff Kowalczuk were frightened by the actions and demeanor of Giese.

34. That Kowalczuk did not stay on his stomach and lifted himself to a seated position; that Giese tackled Kowalczuk back to the pavement, yelling: "Stay the fuck down!";

5

that Kowalczuk kicked Giese; that, as Kowalczuk was on the ground, Giese punched Kowalczuk in the face with his right hand.

35. That Giese got off of Kowalczuk and Kowalczuk stood up; that Giese yelled at Kowalczuk: "stay back!"; that Kowalczuk then turned to face away from Giese to speak to his mother; that, as Kowalczuk's back was turned to Giese, Giese shot Kowalczuk with a taser; that Kowalczuk fell to the pavement, striking his head; that Kowalczuk lost conscious.

36. That Kowalczuk regained consciousness approximately eleven seconds after being tasered by Giese and falling to the ground; that Kowalczuk was confused and frightened when he regained conscious and began to move; that the taser leads remained in Kowalczuk and Giese again employed the taser to debilitate Kowalczuk.

### First Claim for Relief: Excessive Force – Against Eric J. Giese

37. Plaintiff realleges and incorporates herein by reference the allegations of the preceding paragraphs.

38. The uses of force employed by Eric J. Giese in the course of arresting Michael A. Kowalczuk, including, but not limited to, pulling Kowalczuk from his vehicle, pushing Kowalczuk onto the ground, exerting physical pressure onto Kowalczuk on the ground, handcuffing Kowalczuk, tackling Kowalczuk to the ground, attacking Kowalczuk, punching Kowalczuk, and twice using a taser to debilitate Kowalczuk, were not objectively reasonable under the Fourth Amendment to the United States Constitution.

39. The conduct alleged constituted unreasonable and excessive force and violated Michael A. Kowalczuk's right to be free from unreasonable seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

6

40. Defendant Eric J. Giese's unreasonable and excessive use of force against Michael A. Kowalczuk was a cause of the injuries sustained by Michael A. Kowalczuk, including the violation of his constitutional rights, loss of liberty, past and future pain, suffering, emotional distress, mental anguish, past and future medical expenses, disability, loss of enjoyment of life and dignity, and other compensable injuries and damages, all to the damage of Michael A. Kowalczuk in an amount to be determined at a trial of this matter.

41. Defendant Eric J. Giese acted with malice or in reckless disregard of Michael A. Kowalczuk's federally protected rights.

### Second Claim for Relief: *Monell* Claim against Defendant Village of Mount Pleasant
(Policy, Practice, and/or Custom; Failure to Train and Supervise)

42. Plaintiff realleges and incorporates herein by reference the allegations of the preceding paragraphs.

43. Upon information and belief, defendant Eric J. Giese acted within the written or unwritten policies, practices, and/or customs of the Village of Mount Pleasant Police Department, an agency of the defendant, Village of Mount Pleasant, when he employed excessive force against Michael A. Kowalczuk and when he arrested Michael A. Kowalczuk without probable caused, as alleged.

44. Upon information and belief, the defendant, Village of Mount Pleasant, failed to adequately train and supervise its police officers, including Eric J. Giese, regarding the use of force and probable cause for arrest.

45. Upon information and belief, in light of the foreseeable consequences due to the failure to adequately train and supervise police officers as alleged, defendant Village of Mount Pleasant was deliberately indifferent to the rights of Michael A. Kowalczuk and other persons in

7

Mount Pleasant by failing to adequately train and supervise its police officers including Eric J. Giese.

46. Upon information and belief, defendant Village of Mount Pleasant's law enforcement policies, practices, and/or customs and its failure to adequately train and supervise its police officers, including Eric J. Giese, was a cause of the violations of Michael A. Kowalczuk's constitutional right to be free from unreasonable seizures, in the form of excessive force, and false arrest.

47. Upon information and belief, defendant Village of Mount Pleasant's law enforcement policies, practices, and/or customs and its failure to adequately train and supervise its police officers, including Eric J. Giese, caused Michael A. Kowalczuk to injuries, including the violation of his constitutional rights, loss of liberty, past and future pain, suffering, emotional distress, mental anguish, past and future medical expenses, disability, loss of enjoyment of life and dignity, and other compensable injuries and damages, all to the damage of Michael A.

### **Third Claim for Relief: Punitive Damages against Eric J. Giese**

48. Plaintiff realleges and incorporates herein by reference the allegations of the preceding paragraphs.

49. That upon information and belief, at all times material hereto, the defendant, Eric J. Giese, acted with intentional disregard of the rights of the plaintiff, Michael A. Kowalczuk, in such a manner as to subject Eric J. Giese to punitive damages in an amount to be determined at a trial of this matter.

**WHEREFORE**, the plaintiff demands judgment against defendants, Village of Mount Pleasant and Michael A. Kowalczuk, as follows:

A. declaring that the defendant, Eric J. Giese violated the plaintiff, Michael A. Kowalczuk's constitutional rights by using excessive force against him and by falsely arresting him; that the defendant, Village of Mount Pleasant, has liability for Eric J. Giese's actions, as alleged;

B. for compensatory damages against defendants, Village of Mount Pleasant, and Eric J. Giese, jointly and severally, in an amount to be determined at trial;

C. for punitive damages against defendant, Eric J. Giese, in an amount to be proved at trial;

D. for plaintiff's attorneys' fees, pursuant to 42 U.S.C. § 1988

E. for such further and additional relief as this Court may deem equitable and just.

**PLEASE TAKE NOTICE THAT THE PLAINTIFF DEMANDS A TRIAL IN THE ABOVE-ENTITLED ACTION.**

Dated: 10/9/2019         **MARTIN LAW OFFICE, S.C.**
                         Attorney for Plaintiff(s)

*Electronically Signed by Drew J. DeVinney*

---

Drew J. De Vinney
State Bar No. 01088576

ADDRESS
7280 S. 13th St., Ste.102
Oak Creek, WI 53154
414-856-2310 (office)
414-856-2677 (direct fax)
drew@martin-law-office.com

9