UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL A. KOWALCZUK

        Plaintiff,                Case No.: 2:19-cv-1230

vs.

SERGEANT ERIC GIESE, and
VILLAGE OF MOUNT PLEASANT

        Defendants

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

NOW COMES the plaintiff, Michael A. Kowalczuk, by and through his attorneys, Martin Law Office, S.C., and hereby submits, pursuant to Civil L. R. 7(b) this memorandum of law in opposition to the defendants' motion to dismiss.

## INTRODUCTION

Pursuant to Rule 15(a)(1)(B), the plaintiff has contemporaneously filed an amended complaint. (Amended Complaint, [of Record].) The amended complaint states that the allegations are not intended to imply the invalidity of any convictions. (Amended Complaint, at ¶ 5.) Further, the amended complaint incorporates, by reference, video that depicts the incident—the allegations essentially amount to a play-by-play description of the video footage. (Id. at ¶ 6.) These changes are intended to avoid any perceived inference that the plaintiff is seeking to collaterally attack the validity of his convictions through this civil suit. (Id. at ¶ 5.) He is not.

To that end, the amended complaint no longer includes a claim for false arrest.[1] (*See* Id.) The plaintiff concedes that a judgment of false arrest arising out of these circumstances would necessarily imply the invalidity of his convictions.[2] (*See* Luther Dec., ¶ 3, Ex. 2, Defendant Court Record; *see also* Luther Dec., ¶ 4, Ex. 3, Judgment of Conviction.) As will be discussed, unlike the wrongful arrest claim, the excessive force claim arising out of Officer Eric J. Giese's conduct, is not *Heck*-barred.

**BACKGROUND**

Kowalczuk alleges that Giese used excessive force in arresting him following a traffic stop on September 3, 2013. (Amended Complaint, [of Record], *in passim*.) Giese's use of force was excessive in many ways, including: "pulling Kowalczuk from his vehicle, pushing Kowalczuk onto the ground, exerting physical pressure onto Kowalczuk on the ground, handcuffing Kowalczuk, tackling Kowalczuk to the ground, attacking Kowalczuk, punching Kowalczuk, and twice using a taser to debilitate Kowalczuk." (Id. at 36.)

### I. Subject Incident

On September 3, 2013, Officer Giese initiated a traffic stop after following Kowalczuk, who was on his way home to his parents' house. (Id. at ¶¶ 8 – 12.) After Giese activated his squad lights, Kowalczuk made the unfortunate decision to continue driving an additional 4/10ths of a mile to his parents' house, (Id. at ¶ 13; Luther Dec., ¶ 2, Ex. 1, Criminal Complaint). After stopping his vehicle in front of his parents' house, Kowalczuk slowly opened his driver's side door. (Amended Complaint at ¶ 14.)

---

[1] The plaintiff also does not dispute the dismissal of defendant Chief of Police Matt Soens, with prejudice. (*See* Dkt. 6, Def. Memo, at p. 12-13.)

[2] The plaintiff was convicted of operating while intoxicated, resisting, battery of an officer, and bail jumping. (Luther Dec., ¶ 3, Ex. 2, Defendant Court Record; Luther Dec., ¶ 4, Ex. 3, Defendant Court Record).

2

Giese approached Kowalczuk, with his firearm aimed, and gave Kowalczuk the contradictive instruction to "Stop! Get out of the car! Stay in the car, right now!" (Id. at ¶ 14.) Kowalczuk, not knowing what to do, stopped moving. (Id. at ¶ 15.) Giese told Kowalczuk to show him his hands, so Kowalczuk showed Giese his hands. (Id. at ¶ 18.)

Within one second, Giese instructed Kowalczuk to stop the car. (Id. at ¶ 19.) Kowalczuk's car was already stopped, so he did nothing. (Id.) Within another second, Giese told Kowalczuk to get out of the car. (Id. at ¶ 20.) Simultaneously, Giese grabbed Kowalczuk and forced him out of the car. (Id.) As Giese pulled Kowalczuk out of his car, Kowalczuk asked "What did I do, man?" (Id. at ¶ 22.) Giese responded by telling Kowalczuk to "[g]et on the ground!" and simultaneously pushed him to the pavement. (Id. at ¶ 23.)

Giese continued to instruct Kowalczuk to get on the ground after Kowalczuk was already on the pavement with Giese's weight on top of him. (Id. at ¶ 24.) Kowalczuk pleaded with Giese to let go as Giese instructed Kowalczuk to lay on his stomach with his hands behind his back. (Id. at ¶ 26.) Once Giese allowed Kowalczuk to position himself on his stomach, Giese threatened to taser Kowalczuk. (Id. at ¶ 27.) Kowalczuk put his hands behind his back and then allowed Giese to secure his hands in handcuffs. (Id. at ¶ 28.)

Unfortunately, the incident re-escalated when Kowalczuk's parents, Jeff and Nancy Kowalczuk, came outside. (Id. at ¶ 29.) Jeff and Nancy Kowalczuk had observed Giese's quick use of force on Kowalczuk from inside their home. (Id.) They were frightened by Giese. (Id. at ¶ 33.) Kowalczuk, too, was frightened and the presence of his parents caused him to begin resisting Giese's instruction to stay on the ground. (Id. at ¶¶ 30-32.) Contrary to Giese's instruction, Kowalczuk repositioned himself and yelled, "Mom!" (Id. at ¶ 30.) After yelling for his mother, Kowalczuk, still handcuffed, lifted himself to a seated position on the pavement. (Id.

3

at ¶ 32). Giese tackled Kowalczuk back to the pavement. (Id.) In response, Kowalczuk kicked Giese. (Id. at ¶ 32.) According to Giese, Kowalczuk landed a painful blow to Giese's groin. (Luther Dec., ¶ 2, Ex. 1, Criminal Complaint). Kowalczuk does not deny this. (*See* Amended Complaint, *in passim*.)

In response, Giese punched Kowalczuk in the face. (Id. at ¶ 32.) Giese then stood up, allowing Kowalczuk to also stand. (Id. at ¶ 33.) Kowalczuk faced Giese, still handcuffed (Id. at ¶ 33.) Giese yelled at Kowalczuk to "stay back!" (Id.) Kowalczuk then turned his back to Giese to speak to his mother, Nancy. (Id.) Once Kowalczuk turned his back to Giese, Giese shot Kowalczuk with a taser. (Id.) This caused Kowalczuk to fall to the pavement, where, his hands secured behind his back, he struck his head. (Id.) Kowalczuk lost conscious for approximately eleven seconds after striking his head. (Id. at ¶¶ 33-34) After he regained consciousness, Kowalczuk, confused and frightened, attempted to stand. (Id. at ¶ 34). Giese re-employed his taser to finally debilitate Kowalczuk. (Id.)

## II.    Criminal Convictions

Kowalczuk was arrested for battery of an officer, resisting an officer, bail jumping, traffic infractions, and operating while intoxicated. (Luther Dec., ¶ 2, Ex. 1, Criminal Complaint; Luther Dec., ¶ 3, Ex. 2., Defendant Court Record). Kowalczuk was charged in two separate cases. (CCAP Record for Racine County Cases No., 2013 CM001594 and 2013CF001200.) As these cases were pending, the State charged Kowalczuk with thirty counts of felony and misdemeanor bail jumping due to infractions of his bond. (CCAP Record for Racine County Case No., 2013CF00918.) On July 14, 2015, Kowalczuk plead no contest and was found guilty of resisting, battery of a police officer, and one count of misdemeanor bail jumping. (Luther

4

Dec., ¶ 4, Ex. 3., Defendant Court Record). The State dismissed the thirty added counts of bail jumping. (CCAP Record for Racine County Case No., 2013CF00918.)

**ARGUMENT**

I.  **Michael Kowalczuk's claim of Excessive Force against Eric J. Giese is not barred by his criminal convictions for resisting and battery.**

*Heck v. Humphrey* does not bar the plaintiff's claim of excessive force against Officer Eric J. Giese. The *Heck* rule seeks to prevent incompatible judicial outcomes "arising out of the same or identical transaction." *Heck v. Humphrey*, 512 U.S. 477, 484 (1994). It is intended to "prevent collateral attack on a criminal conviction through the vehicle of a civil suit." *McCann*, 466 F.3d 619, 621 (7th Cir. 2006). Put simply, a person cannot accept a plea in his criminal case and then argue his innocence to those charges in a subsequent civil suit.

A criminal conviction, however, does not mean that a plaintiff cannot maintain a § 1983 action under the same set of circumstances. *See VanGlider v. Baker*, 435 F.3d 689, 691 (7th Cir. 2006). In determining whether *Heck* applies, "a district court must analyze the relationship between the plaintiff's § 1983 claim and the charge on which he was convicted." *Id.* The question is whether a judgment in favor of the plaintiff's civil claim would "necessarily imply the invalidity of his conviction . . ." *Id.* (quoting, *Heck v. Humphrey*, 512 U.S. at 487).

The word "necessarily" is critical. *See Nelson v. Campbell*, 541 U.S. 637, 647, (2004) ("[W]e were careful in Heck to stress the importance of the term "necessarily.") A claim is precluded only if the pleadings unambiguously attack the validity of the criminal conviction. *See McCann* at 622. A claim is not barred by *Heck* if there is a reasonable construction of the pleadings that avoids inconsistency with the criminal convictions. *Id.*

Applied to this case, a reasonable construction of Kowalczuk's complaint is compatible with his "no contest" pleas to resisting and battery. This is because a conviction for "resisting

5

arrest or assaulting a police officer" does not bar a plaintiff "from maintaining a §1983 action for excessive force stemming from the same confrontation." *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006); *see also VanGlider v. Baker*, 435 at 692 (holding that a claim of excessive force does not necessarily imply the invalidity of a conviction for resisting). A jury can find that the use of force against a resisting person is excessive. *Id.*

In *McCann*, the defendant officer had pursued McCann on foot along some railroad tracks. *McCann* at 620. During the pursuit, McCann stopped, turned, and produced a "spike-type" weapon from his pocket and advanced toward the defendant officer. *Id.* After warning McCann to stop, the defendant officer fired a single shot that struck McCann in his chest. *Id.* A jury later convicted McCann of aggravated assault on the defendant officer. *Id.* McCann then sued the defendant officer for excessive use of force. *Id.* McCann's complaint alleged:

> 6. At the time and date aforesaid, the plaintiff did not pose a threat of violence or great bodily harm to the defendant, was not in the commission of a forcible felony nor was he attempting to resist, escape or defeat an arrest otherwise [sic] *acting so as to justify the use of deadly force by the defendant.*

*Id.* (emphasis added). The Seventh Circuit held that, despite McCann's seemingly categorical denial of his conviction, "giving the plaintiff the benefit of all reasonable inferences, the complaint could reasonably be read in a manner that does not implicate *Heck*." *Id.* at 622. Specifically, the Seventh Circuit noted that "McCann is not denying his assaultive and obstructive conduct, but is alleging that regardless of what he may have done, the deputy's use of deadly force as a response was not reasonable." *Id.*

*McCann* is consistent with *Evans v. Poskon*, 603 F.3d 362 (7th Cir. 2010). Evans was convicted by a jury of attempted murder and resisting arrest. *Id.* at 636. Evans sued the arresting officers for excessive force. *Id.* In his complaint, Evans alleged that "he offered no resistance" to the arrest, directly contradicting his criminal conviction. *Id.* The district court granted summary

6

judgment for the defendants, concluding that *Heck* barred Evan's excessive force claim. *Id.* The Seventh Circuit reversed and remanded. *Id.* at 364

The Seventh Circuit explained that a "fourth-amendment claim can coexist with a valid conviction." *Id.* at 363. The court noted that Evans alleged three things: "1) that he did not resist being taken into custody; (2) that the police used excessive force to effect custody; and (3) that the police beat him severely even after reducing him to custody..." *Id.* The Court held that, although Evans could not allege that he never resisted, he could still prove that the police used excessive force. *Id.* Thus, despite pleading allegations that necessarily invalidated his conviction, Evans was nonetheless "entitled to an opportunity to prove that the defendants used unreasonable force during and after his arrest." *Id.* at 634.

The defendants cite the decision in *Jones v. Phillips* for the proposition that an allegation of excessive force is wholly barred if a plaintiff is convicted for resisting or obstruction during the arrest. (Def. Memo at p. 6.) This is too broad an interpretation of the *Jones* decision. In *Jones,* the district court held that a conviction for resisting "might be" inconsistent with a finding that the use of force unlawful. 2017 WL 1292376, *5 (E.D. Wis. 2017). The district court reasoned that a conviction for resisting means that the police officer's actions were lawful "at the time." *Id.* The *Jones* court qualified its holding:

> If Jones's claim depends upon the jury concluding that *he never resisted or obstructed the officers*, or resisted *only in response to the officers' use of excessive force*, such a claim would be inconsistent with the jury's conclusion in his criminal trial and barred by *Heck.*

*Id.* (emphasis added). The *Jones* court denied the defendants' motion to bar the excessive force claim on the grounds that the plaintiff could maintain the excessive force claim so long as he did not insist on alleging that he never resisted. *Id.*

7

In *VanGlider v. Baker*, the Seventh Circuit held that a conviction of resisting does not invalidate an action for excessive force. 435 F.3d at 692. VanGlider was arrested for public intoxication. *Id.* at 690. The defendant officer brought VanGlider to the hospital for a blood draw, where VanGlider resisted the defendant officer and hospital personnel. *Id.* According to the police report, VanGlider, taunted the defendant officer telling him: "I'm going to keep you here all night." VanGlider alleges that the defendant officer struck him in the face. *Id.* at 691. The police report alleged that VanGlider first kicked the defendant officer in the side of the head, causing him to suffer a concussion, to which he responded by punching VanGlider "repeatedly in the face with a closed fist." *Id.* The defendant officer characterized the punches as an effort to regain control after VanGlider's resistance. *Id.* A nurse who was present said that VanGlider was "belligerent and that she feared he might try to grab Baker's gun." *Id.* VanGlider was originally charged with battery of an officer but plead to resisting a law enforcement officer. *Id.* In refusing to bar the excessive force claim, the Seventh Circuit reasoned that doing so "would imply that once a person resists law enforcement, he has invited the police to inflict any reaction or retribution they choose, while forfeiting the right to sue for damages." *Id.*

Kowalczuk does not deny his role in the altercation, or the validity of his convictions. Rather, he alleges that Giese's responding force was unreasonable under the Fourth Amendment. (Id. at ¶¶ 5, 38). With respect to the conviction of resisting, Kowalczuk's amended complaint concedes that Kowalczuk resisted Giese. Kowalczuk resisted Giese's instructions to get on the ground. (Id. at ¶ 24.) Kowalczuk twice did not comply with Giese's instructions to stay on the ground when his mother and father came outside. (Id. at ¶¶ 33-34.) Finally, Kowalczuk kicked Giese. (Id. at ¶ 35.) These allegations are consistent with his conviction for resisting, under Wis.

Stat. § 946.41(1).[3] As to the battery charge, Kowalczuk does not allege self-defense and does not dispute that the kick caused pain and was done without Giese's consent. (*See* Luther Dec., ¶ 2, Ex. 1, Criminal Complaint). As such, Kowalczuk's allegations are also consistent with his conviction for battery of an officer, under Wis. Stat. § 940.20(2)[4]

Kowalczuk simply does not seek to collaterally attack his convictions. Though regrettable, Kowalczuk's actions do not forfeit his § 1983 claims against Giese. As alleged, Giese use of force was "unreasonable" in light of the resistive acts of Kowalczuk that form the basis of his resisting and battery convictions. Accordingly, a finding of excessive force does not "necessarily imply" the invalidity of those convictions. As such, the defendants' motion to dismiss the excessive force claim should be denied. For the same reasons, the Court should deny the defendant's motion to dismiss the *Monell* claim.[5]

## CONCLUSION

For the reasons stated herein, the Court should deny the defendant's motion to dismiss the plaintiff's claim of excessive force against Eric J. Giese and the *Monell* claim against the Village of Mount Pleasant.

---

[3] Except as provided in subs. (2m) and (2r), whoever knowingly resists or obstructs an officer while such officer is doing any act in an official capacity and with lawful authority is guilty of a Class A misdemeanor." Wis. Stat. § 946.41(1)

[4] Whoever intentionally causes bodily harm to a law enforcement officer or fire fighter, as those terms are defined in s. 102.475 (8) (b) and (c), or to a commission warden, acting in an official capacity and the person knows or has reason to know that the victim is a law enforcement officer, fire fighter, or commission warden, by an act done without the consent of the person so injured, is guilty of a Class H felony. Wis. Stat. § 940.20(2) (2013-2014)

[5] The defendant's motion to dismiss the *Monell* claim is predicated on the dismissal of the excessive force claim. (Dkt. 6., Def. Memo at 13.)

Dated: October 9, 2019	**MARTIN LAW OFFICE, S.C.**
Attorney for Plaintiff(s)

*Electronically Signed by Drew J. DeVinney*

_____

Drew J. De Vinney
State Bar No. 01088576

ADDRESS
7280 S. 13th St., Ste.102
Oak Creek, WI 53154
414-856-2310 (office)
414-856-2677 (direct fax)
drew@martin-law-office.com