# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MICHAEL A. KOWALCZUK,

        Plaintiff,

v.

ERIC GIESE and VILLAGE OF MOUNT PLEASANT,

        Defendants.

Case No. 19-CV-1230-JPS

**ORDER**

### 1. INTRODUCTION

This case involves a traffic stop gone awry that ended in the driver, Michael Kowalczuk ("Kowalczuk"), being tased by Eric Giese ("Giese"), a Village of Mount Pleasant ("Mount Pleasant") police officer. Kowalczuk filed his original complaint naming Giese, Mount Pleasant, and another officer, Matt Soens ("Soens"), as defendants. (Docket #1). He alleged claims for excessive force, false arrest, *Monell* liability, and punitive damages. *Id.*

On September 18, 2019, the defendants filed a motion to dismiss Kowalczuk's complaint. (Docket #5). On October 9, 2019, Kowalczuk filed an amended complaint omitting Soens as a defendant and omitting his claim for false arrest. (Docket #11). On the same day, Kowalczuk filed a brief in opposition to the defendants' motion to dismiss. (Docket #12). On October 23, 2019, Giese and Mount Pleasant filed an amended motion to dismiss, noting that the arguments in their original motion relating to Kowalczuk's claims against Giese and Mount Pleasant still applied to those claims as restated in Kowalczuk's amended complaint. (Docket #14). They

also filed a reply in support of their motion to dismiss the amended complaint. (Docket #15).

Kowalczuk's amended complaint is the operative pleading in this case. *Johnson v. Dossey,* 515 F.3d 778, 780 (7th Cir. 2008) (when an amended complaint is filed, it becomes the controlling pleading and the prior pleading is withdrawn). The Court will deny the defendants' original motion to dismiss as moot. In deciding the motion to dismiss Kowalczuk's amended complaint, the Court will consider the brief filed in support of the defendants' original motion, the amended complaint, Kowalczuk's brief in opposition to the defendants' motion to dismiss, and the defendants' reply. For the reasons stated below, the motion to dismiss the amended complaint will be denied.

**2. STANDARD OF REVIEW**

The defendants seek dismissal of Kowalczuk's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a viable claim for relief. Fed. R. Civ. P. 12(b)(6). To state a viable claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

In reviewing Kowalczuk's amended complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in [the plaintiff's] favor[.]" *Kubiak v. City of Chi.*, 810 F.3d 476, 480–81 (7th Cir. 2016) (citation omitted). Ultimately, dismissal is only appropriate "if it appears beyond doubt that the plaintiff could prove

no set of facts in support of his claim that would entitle him to the relief requested." *Enger v. Chi. Carriage Cab Corp.*, 812 F.3d 565, 568 (7th Cir. 2016).

3. **RELEVANT ALLEGATIONS**

The following factual allegations are drawn from Kowalczuk's amended complaint. (Docket #11). On September 3, 2013, at approximately 12:30 a.m., Kowalczuk was driving to his home in Mount Pleasant, where he lived with his parents. He was obeying all traffic rules and operating his vehicle in a safe manner. Nonetheless, officer Giese, driving a marked Mount Pleasant squad car, began to follow Kowalczuk. Giese activated his lights, and Kowalczuk drove to his parents' house nearby, believing it to be a safe place to park. Giese followed.

After parking his vehicle at his parents' house, Kowalczuk slowly opened the driver's side door. Giese exited his squad with his firearm aimed at Kowalczuk, yelling contradictory instructions to "Stop! Get out of the car! Stay in the car, right now!" Confused, Kowalczuk immediately stopped all movement. Giese approached him and told him to "Show me your hands!" Kowalczuk put his hands up.

Within approximately one second, Giese said "Stop the car!", but Kowalczuk's car was already stopped. Giese then said, "Get out of the car!" At the same time, Giese grabbed Kowalczuk by Kowalczuk's left arm and used physical force to remove him from the car. Kowalczuk, frightened, asked Giese what he had done wrong. Giese responded by yelling at Kowalczuk to get on the ground while, at the same time, using physical force to push Kowalczuk to the pavement. Kowalczuk turned and fell on his backside.

Once Kowalczuk was on the ground, Giese maintained physical control of Kowalczuk by gripping Kowalczuk's arm. He again yelled at

Kowalczuk to "Get on the fucking ground!" At the same time, Giese placed his other hand behind Kowalczuk's head, pushed Kowalczuk onto this right side, and placed his weight on top of Kowalczuk. Kowalczuk pleaded to be let go. Giese yelled at Kowalczuk to "Put your hands behind your back! Do it now! Put your hands behind your back and get on your stomach! Get on your stomach! Put your hands behind your back! Do it now!" Giese lessened pressure just enough for Kowalczuk to position himself on his stomach and then yelled at Kowalczuk to put his hands behind his back or he would be tased. Kowalczuk put his hands behind his back and Giese secured them in handcuffs.

Kowalczuk's mother and father, Nancy and Jeff Kowalczuk, observed these events from inside their home. They went outside and Giese put his hand over his firearm, threatening them to "Stay back! Stay back!" Kowalczuk, still frightened, yelled for his mom. Then, contrary to Giese's instructions, Kowalczuk attempted to reposition himself on the ground to be able to see her, and then lifted himself to a seated position. Giese tackled him back to the pavement, yelling "Stay the fuck down!" Kowalczuk kicked Giese, and Giese punched Kowalczuk in the face with his right hand.

Giese then got off Kowalczuk and Kowalczuk stood up. Giese yelled at Kowalczuk to "Stay back!" Kowalczuk turned away from Giese to say something to his mother, and while his back was turned, Giese shot Kowalczuk with a taser. Kowalczuk fell to the pavement, landed on his head, and lost consciousnesses. He woke up about eleven seconds later, confused and frightened. He attempted to stand, but because the taser leads remained in his back, Giese was able to use the taser again to debilitate him.

Kowalczuk was arrested for battery to a law enforcement officer, resisting an officer, bail jumping, traffic infractions, and operating while

intoxicated. (Docket #7-1).[1] Relevant to this case, on July 14, 2015, Kowalczuk pleaded no contest and was found guilty of battery to a law enforcement officer and resisting an officer. (Docket #7-3).

4. **ANALYSIS**

Kowalczuk has alleged a Fourth Amendment claim of excessive force against Giese for which he seeks, among other things, punitive damages. He has also alleged a claim under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), against Mount Pleasant for its failure to appropriately train its officers, including Giese, thereby causing the violation of Kowalczuk's Fourth Amendment rights. Defendants have moved to dismiss the claim against Giese on the ground that it is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and have moved to dismiss the *Monell* claim on the ground that there is no underlying constitutional violation on which liability could be premised. The Court will address each argument in turn.

Under the doctrine announced in *Heck*, a Section 1983 action must be dismissed where the plaintiff has been convicted of an underlying criminal charge and judgment in favor of the plaintiff in his civil action "would necessarily imply the invalidity of his conviction or sentence[]." *Id.* at 487. *Heck* does not automatically bar claims that are related to the conduct that led to a conviction. *See id.* at 487 n.7. But as the Seventh Circuit explained in *Tolliver*, if the plaintiff could not have been convicted in his criminal case under the version of events alleged in his civil suit, the court cannot enter

---

[1] The Court takes judicial notice of the court records from Kowalczuk's criminal case. (Docket #7); *see also General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997) ("The most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records.").

judgment in the plaintiff's favor. *See Tolliver v. City of Chi.*, 820 F.3d 237, 244 (7th Cir. 2016) ("[I]f the incident unfolded as Tolliver alleges in his civil suit, then he could not have been guilty of aggravated battery of a peace officer . . . . [B]ecause the allegations he makes now necessarily imply the invalidity of his conviction, *Heck* bars his civil suit.").

Defendants argue that Kowalczuk's excessive force claim against Giese must be dismissed because its success would imply the invalidity of Kowalczuk's convictions for battery to a law enforcement officer and resisting an officer. They say that, according to the criminal complaint upon which Kowalczuk's no-contest plea was based, Kowalczuk exited his car on his own and refused to comply with Giese's command to get down on the ground, so Giese directed Kowalczuk to the ground. Kowalczuk started to get up when he saw his family members despite Giese continuing to order him to remain on the ground, so Giese directed Kowalczuk to the ground a second time. Then Kowalczuk kicked Giese in the abdomen and the groin. When Giese instructed Kowalczuk to remain on the ground, Kowalczuk kicked Officer Giese again. All of this is indeed in the criminal complaint, and Kowalczuk does not deny that it happened. These facts alone could, as explained in more detail below, support Kowalczuk's convictions for battery to an officer and resisting an officer.

Kowalczuk's amended complaint and the criminal complaint diverge at this point in the timeline of events. The defendants point out that, according to the criminal complaint, Kowalczuk then arose and approached Giese in an aggressive manner, prompting Giese to employ his taser on Kowalczuk, who fell to the ground. Kowalczuk began to get up again, contrary to Giese's commands, leading Giese to use the taser a second time. But Kowalczuk tells this portion of the story differently. He says that he got

up and turned away from Giese to say something to his mother, and while his back was turned, Giese shot him with a taser. He fell and lost consciousness, and when he awoke and attempted to stand, Giese used the taser again to debilitate him.

Despite the defendants' belief to the contrary, the criminal complaint is not the cornerstone of the Court's analysis under *Heck*. Rather, the Court must compare the elements of Kowalczuk's crimes of conviction to Kowalczuk's allegations in his civil suit. *Tolliver*, 820 F.3d at 242–43. In *Tolliver,* for example, the plaintiff's allegations in his civil suit did not fulfill the elements of his crime of conviction, and therefore the court could not take them as true without invalidating the criminal conviction. *Id.* at 246. Here, by contrast, Kowalczuk's allegations that he refused to comply with Giese's command to get on the ground and kicked him repeatedly are sufficient to fulfill the elements of the crimes for which he was convicted—resisting arrest and battery of an officer. Wis. Stat. § 946.41(1) ("Whoever knowingly resists or obstructs an officer while such officer is doing any act in an official capacity and with lawful authority is guilty of a Class A misdemeanor."); Wis. Stat. § 940.20(2) ("Whoever intentionally causes bodily harm to a law enforcement officer . . . acting in an official capacity and the person knows or has reason to know that the victim is a law enforcement officer. . . by an act done without the consent of the person so injured, is guilty of a Class H felony.").

The only element of these crimes about which the defendants argue explicitly is the "lawful authority" element of a resisting offense.[2]

---

[2]The battery conviction would not be affected because, unlike the resisting offense, battery to an officer does not require proof that the officer was acting

Wisconsin courts require as an element of proof for a conviction of resisting that the officer was acting "in compliance with both the federal and state Constitutions, in addition to any applicable statutes." *State v. Ferguson*, 767 N.W.2d 187, 194 (Wis. 2009). For example, a conviction for resisting an officer cannot stand where the defendant's resistance occurred while the officer was present in her home unlawfully. *See id.* at 194–95; *see also Jones v. Police Officer Omarlo Phillips*, No. 15-CV-51, 2017 WL 1292376, at *5 (E.D. Wis. Apr. 6, 2017) ("a conviction for resisting or obstructing an officer under Wisconsin law necessarily means that the jury concluded that the police officers' actions at the time were constitutional (which means that the officers were not using excessive force at the time))." Therefore, the defendants say, a judgment in this case that Giese used excessive force would imply the invalidity of Kowalczuk's resisting conviction.[3]

This might be true if Kowalczuk's version of events ended when he kicked Giese during the tussle on the ground. Until that point in time, Kowalczuk alleges that he resisted Giese's commands to get and stay on the ground, and he resisted Giese's control by kicking him. Applying the rule from *Ferguson* to this case, if Giese had used excessive force during that time (and therefore acted unconstitutionally), Kowalczuk could not have been convicted of resisting. But Kowalczuk's allegations about the remainder of the incident, after he stopped resisting, fall outside of *Ferguson.*

---

"with lawful authority." *State v. Reinwand*, 433 N.W.2d 27, 28 n.1 (Wis. Ct. App. 1988).

[3]The parties do not cite, and the Court has not independently located, any Wisconsin case applying the rule from *Ferguson* in an excessive force case. Nonetheless, because the Court has no reason at this time to believe Wisconsin courts would except excessive force from the "lawful authority" element of a resisting offense, this Court will apply the rule here.

Specifically, Kowalczuk's additional allegations that his back was turned to Giese when Giese shot him with a taser, unprovoked, could plausibly support judgment in his favor on his excessive force claim without undermining his convictions. *See Gilbert v. Cook*, 512 F.3d 899, 902 (7th Cir. 2008) ("An argument along the lines of 'The guards violated my rights by injuring me, whether or not I struck first' does not present the sort of inconsistency that [leads to a *Heck* bar]."); *see also VanGilder v. Baker*, 435 F.3d 689, 692 (7th Cir. 2006) (allowing excessive force claim to proceed where plaintiff, who was convicted of resisting a law enforcement officer, "[did] not collaterally attack his conviction, deny that he resisted [the officer's] order to comply with the blood draw, or challenge the factual basis presented at his change of plea hearing."). Applying *Heck* to this latter phase of the incident would run the risk of "imply[ing] that once a person resists law enforcement, he has invited the police to inflict any reaction or retribution they choose, while forfeiting the right to sue for damages." *Id.*[4]

Finally, the only argument the defendants make for dismissal of Kowalczuk's claim against Mount Pleasant is that the village cannot be liable under *Monell* because the underlying constitutional claim—excessive force—is barred by *Heck*. As discussed above, the excessive force claim is

---

[4]The defendants advanced another argument for the first time in their reply brief that Giese's use of force was objectively reasonable and therefore not violative of the Fourth Amendment. (Docket #15 at 5). Arguments raised for the first time in a reply brief are waived. *See Edwards v. Honeywell, Inc.*, 960 F.2d 673, 674 (7th Cir. 1992). Further, even if the argument was not waived, it would fail. Kowalczuk has alleged that Giese's use of force was unreasonable under the circumstances, and that is enough to survive a motion to dismiss. Whether Kowalczuk can advance facts to support his allegation is a question for summary judgment or trial.

not barred, and therefore the defendants' request for dismissal of the *Monell* claim will also be denied.

**5.     CONCLUSION**

For the reasons discussed herein, the defendants' motion to dismiss Kowalczuk's amended complaint will be denied.

Accordingly,

**IT IS ORDERED** that the defendants' motion to dismiss the complaint (Docket #5) be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that the defendants' motion to dismiss the amended complaint (Docket #14) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 13th day of January, 2020.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge