UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL A. KOWALCZUK,

    Plaintiff,

v.

Case No. 2:19-cv-1230

ERIC GIESE, MATT SOENS, and
VILLAGE OF MOUNT PLEASANT,

    Defendants.

## PRELIMINARY PRETRIAL CONFERENCE REPORT

The parties file this report of their conference under the Federal Rules of Civil Procedure 26(f) and their Preliminary Pretrial Report and Joint Discovery Plan in accordance with the Standing Ordering Governing Pretrial Conferences.

**I.    PRELIMINARY PRETRIAL CONFERENCE REPORT**

    **A.    Introduction.**

    1.    Attorney Drew J. De Vinney of Martin Law Office, S.C. represents Plaintiff Michael A. Kowalczuk.

    2.    Attorneys Lori M. Lubinsky and Kevin D. Trost of Axley Brynelson, LLP represent Defendants Eric Giese, Matt Soens, and Village of Mount Pleasant.

    3.    On February 4, 2020, the parties, through their undersigned attorneys, met and conferred telephonically on the matters outlined in Rule 26(f) and in this joint report.

    **B.    Concise Statement of the Nature of the Case**

Plaintiff Kowalczuk assert a Fourth Amendment claim of excessive force against Defendant Giese and a claim under *Monel* against the Village of Mount Pleasant for its alleged

failure to appropriately train its officers, including Defendant Giese, thereby causing an alleged violation of Plaintiff Kowalczuk's Fourth Amendment rights. Defendants deny Plaintiff's allegations and assert that Plaintiff is not entitled to any relief.

**C.     Names of Any Related Cases**

None.

**D.     Amendments to Pleadings / Additional Parties**

Plaintiff's Amended Complaint is the operative complaint and the parties do not anticipate any further amendments will be needed.

**E.     Material Factual and Legal Issues to Be Decided At Trial**

1.      Whether Defendants violated Plaintiff Kowalczuk's rights under the Fourth Amendments;

2.      Whether Plaintiff Kowalczuk was injured due to Defendants' alleged conduct; and

3.      Whether Plaintiff Kowalczuk suffered any damages due to Defendants' alleged conduct.

**F.     Estimated Length of Trial**

The parties anticipate that five (5) days will be required for trial. The parties propose a trial date after March 2021.

**G.     Other Matters To Be Considered – Filing of Dispositive Motions**

Defendants anticipate filing a dispositive motion and request a deadline of October 30, 2020, or thereafter, as designated by the Court.

## II. DISCOVERY PLAN

### A. Initial Disclosures Under Federal Rule of Civil Procedure 26(a)(1)

The parties have agreed to exchange their initial disclosures as required by Rule 26(a)(1) by March 2, 2020.

### B. Expert Disclosures Under Federal Rule of Civil Procedure 26(a)(2)

Plaintiff will disclose experts by May 1, 2020, and Defendants will disclose experts by August 1, 2020.

### C. Pretrial Disclosures Under Federal Rule of Civil Procedure 26(a)(3)

The parties will make their pretrial disclosures at least 30 days before trial as required by Rule 26(a)(3) or by the date designated by the Court.

### D. Scope of Discovery

The parties request a discovery deadline of October 16, 2020 (or two weeks prior to the due date for dispositive motions if the Court designates a dispositive motion deadline other than October 30, 2020). Presently, the parties do not anticipate a need for changes or additions to the limitations generally applicable to discovery. The parties agree to work together to resolve any discovery disputes and to stipulate to changes necessary to complete discovery efficiently.

### E. Discovery of Electronically Stored Information

The parties do not anticipate that the claims will involve the disclosure or discovery of substantial amounts of documents, electronically stored information (ESI), or tangible things. Counsel for the parties have discussed generally the availability of certain ESI and will work together to identify and obtain such as discovery proceeds. If any issues or concerns arise relating to discovery of electronically stored information, recordings or tangible things, the parties will make good faith efforts in resolving the issues.

F.  **Asserting Claims of Privilege and Protection**

The parties do not anticipate that additional procedures are necessary beyond those provided for in Federal Rules of Civil Procedure 26 (b)(5) for asserting claims of privilege.

G.  **Other Matters:**

The parties will work cooperatively to simplify the issues, where appropriate. The parties will work cooperatively to make appropriate stipulations regarding authenticity of documents in order to avoid unnecessary offers of proof.

Dated this 4th day of February, 2020.

          MARTIN LAW OFFICE, S.C.

          *s/ Drew J. De Vinney*
          Drew J. De Vinney (State Bar #1088576)
          Attorney for Plaintiff
          7280 S. 13th Street, Ste.102
          Oak Creek, WI 53154
          Telephone:  414-856-2310
          Fax:  414-856-2677
          Email:  drew@martin-law-office.com

Dated this 4th day of February, 2020.

          AXLEY BRYNELSON, LLP

          *s/ Lori M. Lubinsky*
          Lori M. Lubinsky (State Bar #1027575)
          Kevin D. Trost (State Bar # 1028231)
          Attorneys for Defendants
          Post Office Box 1767
          Madison, WI 53701-1767
          Telephone: (608) 257-5661
          Facsimile: (608) 257-5444
          Email:  llubinsky@axley.com
                 ktrost@axley.com

F:\EAFDATA\11097\83236\03237030.DOCX