UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL A. KOWALCZUK,

    Plaintiff,

v.

Case No. 2:19-cv-1230

ERIC GIESE, MATT SOENS, and
VILLAGE OF MOUNT PLEASANT,

    Defendants.

## STIPULATED PROTECTIVE ORDER

WHEREAS, certain documents to be disclosed during the course of discovery in this litigation may contain sensitive information considered confidential and/or may contain sensitive personal information; and

WHEREAS, the parties desire to protect any sensitive information from public disclosure, which would irreparably cause harm to the safety of the disclosing parties;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between counsel for the parties that the terms and conditions of this stipulation regarding confidentiality shall govern the handling of documents and information produced during the course of the above-captioned litigation:

**I.    NATURE OF INFORMATION AND MATERIALS PROTECTED**

    A.  *"Confidential"* information includes information in written, oral, electronic, graphic/pictorial, audiovisual, or other form, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory

answer, or otherwise which is designated as such in writing by the producing party.

B. *Exceptions to confidential status.* Information will not be deemed confidential and protected if its content or substance is already in the possession of the receiving party at the time of production, unless the receiving party obtained the information through improper means, or with knowledge that its receipt of the information was improper.

## II. RESTRICTIONS ON ACCESS TO CONFIDENTIAL INFORMATION

A. Access to information that is designated "CONFIDENTIAL" shall be limited to counsel of record for any party, Other Law Firm Attorneys and Law Firm Personnel employed by the counsel of record, and In-House Counsel for Defendant Village of Mt. Pleasant, as defined below. No access to confidential information shall be permitted to anyone other than counsel of record unless and until the recipient of the confidential information acknowledges in writing to abide by the terms of this Stipulated Protective Order.

1. *"Other Law Firm Attorneys"* means attorneys (i.e., members in good standing of the bar of the highest court of any state or of any federal district court) who are members or employees of the law firm of the outside attorneys of record for the parties but who are not themselves of record.

2. *"Law Firm Personnel"* means regular full- or part-time employees of the law firm of the outside attorneys of record for the parties to whom it is necessary that the protected information in question be disclosed for purposes of any dispute between parties to this lawsuit and who are under duties and obligations of confidentiality.

3. *"In-House Counsel"* means attorneys (i.e., members in good standing of the bar of the highest court of any state or of any federal district court) who are employed by the

2

Defendant Village of Mt. Pleasant.

  B. *Confidential information of nonparties.* In the event that a party seeks discovery from a nonparty to this action, the terms of this Order may be invoked in writing with respect to any confidential information provided to the requesting party.

  C. *Disclosure to certain persons associated with producing party.* Nothing in this Order shall preclude any party to the lawsuit or their attorneys from showing a document designated as confidential to an individual employed by the producing party who prepared or reviewed or received the document prior to the filing of this action.

  D. *Restriction on further disclousre.* At no time shall any receipient of confidential information further disseminate, whether by writing, oral transmission, or other means of dissemination, the confidential information to another person who is not permitted access to the confidential information under the terms of this Stipulated Protective Order.

**III. DESIGNATION AND LABELING OF CONFIDENTIAL INFORMATION**

  A. *Labeling of documents.* Information being designated as protected that is in documentary or other tangible form shall be labeled by the producing party, prior to its production, to reflect its intended designation.

  B. *Designation of other disclosures.* Information being designated as protected that is not in documentary or other tangible form, or that cannot conveniently be labeled, shall be designated and/or categorized by the producing party in a writing provided to the receiving party at the time of production.

  C. *Designation of and procedure for deposition testimony.* The following procedures shall be followed if confidential information of a producing party is discussed or

3

disclosed in a deposition:

    1. The producing party shall have the right to exclude from attendance at the deposition, during such time as the confidential information is to be discussed or disclosed, any person other than the deponent, the court reporter, and persons entitled to access the Confidential information.

    2. The confidential information shall be designated as "CONFIDENTIAL" at the request of counsel for the producing party.

    3. If a request under subparagraph 2 is made on the record during the deposition, the reporter shall indicate on the cover page of the transcript that the transcript contains "CONFIDENTIAL" information and additionally shall list the pages and line numbers of the transcript on which the information in question is contained.

    4. Alternatively, a request under subparagraph 2 may be made in writing within ten (10) days after the requesting counsel receives a copy of the transcript of the deposition. The request shall contain a list of the numbers of the pages and lines of the transcript that are to be designated as containing Confidential information, and specific designations for each item or group of items on the list. The requesting counsel shall insert the list before the cover page of the transcript and shall mail or fax copies of the list to counsel for all parties so that it may be affixed to the face of the transcript and each copy thereof.

    D. *Resolution of disputes as to status of produced documents.* In the event a party believes that certain documents which were produced and labeled as confidential in this lawsuit do not meet the terms of the present order and are not in fact confidential in nature, the party retains the right to seek resolution of this issue with the court by motion. At the latest, such a motion challenging the confidential nature of any documents labelled or designated as confidential must be filed with

the court by the date set for filing any motions in limine.

      E.    *Inadvertent production.*

           1.    If a party inadvertently produces a document containing confidential information without marking or labeling it as such, the information shall not lose its protected status through such production and the parties shall take all steps reasonably required to assure its continued confidentiality if the producing party provides written notice to the receiving party within ten (10) days of the discovery of the inadvertent production of the document, identifying the document in question and of the corrected confidential designation for the document.

           2.    The inadvertent production of any document or other information during discovery in this action shall be without prejudice to any claim that such material is subject to the attorney-client privilege or is protected from discovery as work product if the producing party gives written notice to the receiving party within ten (10) days of the discovery of the inadvertent document production, identifying the document in question and claim to privilege or work product.

**IV.    FILING CONFIDENTIAL INFORMATION WITH THE COURT**

      A.    *Filing under seal.* No document containing confidential information shall be filed with this Court unless it is in a sealed, opaque container or envelope including on the outside thereof the designation "CONFIDENTIAL", the case heading of this litigation and a notification that the contents are subject to a protective Order. The clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony designated as confidential and filed in this litigation.

      B.    *Use of information in court proceedings.* Any receiving party that knows that it intends to present confidential information of another party in oral form at trial, or during any

pre- or post-trial hearing, shall first notify the Court and the producing party a reasonable amount of time in advance. Because of the policy favoring public attendance at judicial proceedings, the parties are strongly encouraged to agree on procedures that will minimize the presentation of protected information in open court. In appropriate circumstances, such procedures might include, e.g., submission of written testimony under seal, presentation of "declassified" summaries of confidential information, and the like. Absent a stipulation of all parties, the fact that information has been designated as protected shall not be admissible during the trial of this action, nor shall the jury be advised of such designation.

V.     **PROCEDURES AFTER TERMINATION OF THIS CASE**

    A.     *Continuing jurisdiction of the Court.* This Order shall survive the final conclusion of the action, and this Court shall retain jurisdiction of the parties to resolve any dispute between any of them regarding improper use of information disclosed pursuant to this Order.

    B.     *Return or destruction of documents.* Within 60 days of final termination of this action, whether by the expiration of each party's right of appeal or by settlement, the attorneys of record for each receiving party shall return to each producing party or its attorneys of record, at the expense of the producing party, all documents (and copies thereof) and all materials (and any copies thereof) that have been furnished to it by the producing party and that have been identified as CONFIDENTIAL pursuant to this Order. At the option of the producing party, such documents received by the receiving party may be destroyed in lieu of being returned to the producing party.

VI.    **PENALTIES**

    A.     *Jurisdiction.* Any alleged violations of this Stipulated Protective Order shall be

6

Case 2:19-cv-01230-JPS   Filed 07/13/20   Page 6 of 7   Document 41

subject to the jurisdiction of the Court presiding over the above-captioned litigation and shall be brought before the Court by motion.

B. *Sanctions and Penalties*. Violations of this Stipulated Protective Order shall be subject to any and all penalties or sanctions deemed appropriate by the Court.

The undersigned parties, by the signatures of their legal counsel below, agree and consent to the terms of this Stipulated Protective Order and request the Court enter an appropriate order binding the parties to their agreement.

Dated this 12 day of July, 2020.

<div style="margin-left:4em">
MARTIN LAW OFFICE, S.C.

/s/ Drew J. DeVinney
Drew J. De Vinney, State Bar #01088576
Attorneys for Plaintiff
7280 S. 13th St., Ste.102
Oak Creek, WI 53154
Telephone: 414-856-2310
Fax: 414-856-2677
Email: drew@martin-law-office.com
</div>

Dated this 7th day of July, 2020.

<div style="margin-left:4em">
AXLEY BRYNELSON, LLP

*Electronically signed by Kevin D. Trost*
Kevin D. Trost, State Bar No. 1028231
Lori M. Lubinsky, State Bar No. 1027575
Attorneys for Defendants
Post Office Box 1767
Madison, WI 53701-1767
Telephone: (608) 257-5661
Facsimile: (608) 257-5444
Email: ktrost@axley.com
</div>