# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MICHAEL A. KOWALCZUK,

          Plaintiff,

v.

ERIC GIESE and VILLAGE OF MOUNT PLEASANT,

          Defendants.

Case No. 19-CV-1230-JPS

**ORDER**

On July 13, 2020, the parties filed a joint stipulated protective order. (Docket #41). Protective orders are an exception to the general rule that pretrial discovery must occur in the public eye. *Am. Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1979); *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945–46 (7th Cir. 1999). Nonetheless, the Court can enter a protective order if the parties have shown good cause and that the order is narrowly tailored to serve that cause. Fed. R. Civ. P. 26(c); *Citizens First*, 178 F.3d at 945; *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) (holding that, even when parties agree to the entry of a protective order, they still must demonstrate the existence of good cause). Further, Civil Local Rule 26(e)(1) makes clear that "[a]ll motions and stipulations requesting a protective order must contain sufficient facts demonstrating good cause."

At this juncture, the Court does not adopt the parties' stipulated protective order because it is devoid of any factual basis on which the Court could find good cause. *See generally* (Docket #41). This stipulated protective order does not describe the nature of the information that might be

divulged, who would be injured as a result of disclosure, or how those persons would be injured by disclosure. The order merely mentions the possibility that "sensitive . . . confidential" and "sensitive personal" information may be disclosed during discovery.

The Court would entertain a new stipulated protective order that presents an appropriate factual predicate for the Court to find good cause.

Accordingly,

**IT IS ORDERED** that the stipulated protective order (Docket #41) be and the same is hereby **REJECTED.**

Dated at Milwaukee, Wisconsin, this 17th day of July, 2020.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge